Judge: John W. Darrah
Magistrate Judge: Young B. Kim
Lead Case Number: 15cv5070

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: WALGREENS HERBAL SUPPLEMENTS<br>MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2619 |
| IN RE: WAL-MART STORES, INC., HERBAL SUPPLEMENTS<br>MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2620 |
| IN RE: GNC CORP. HERBAL SUPPLEMENTS<br>MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2621 |
| IN RE: TARGET CORP. HERBAL SUPPLEMENTS<br>MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2622 |

## TRANSFER ORDER

**Before the Panel**:[*] Before the Panel are four dockets arising from a New York state investigation into the herbal supplements industry, which allegedly found based on DNA barcode testing that store brand supplements sold by Walgreens, Wal-Mart, GNC, and Target contained fillers and contaminants in place of the herbal ingredients listed on the product labels.

Plaintiffs in six actions move under 28 U.S.C. § 1407 to centralize each of the above-captioned dockets on a retailer-specific basis in various districts. In MDL No. 2619, plaintiff in one action seeks centralization of the Walgreens actions in the Northern District of Illinois. In MDL No. 2620, plaintiffs in three actions seek centralization of the Wal-Mart actions in the Western District of Arkansas or the Northern District of California. In MDL No. 2621, plaintiff in one action seeks centralization of the GNC actions in the Southern District of Florida or the Northern District of Illinois. In MDL No. 2622, plaintiff in one action seeks centralization of the Target actions in the Northern District of California or, alternatively, the Northern District of Illinois. This litigation currently consists of 35 actions, as listed on the attached schedules. The Panel has been notified of over 30 potentially related actions.[1]

---

[*] Certain Panel members who could be members of the putative classes have renounced their participation in these classes and have participated in th[is decision].

[1] These and any other related actions are potential tag-along actions. See [Rules] 7.1 and 7.2.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ MELISSA RIVERA
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
June 11, 2015

All defendants[2] and responding plaintiffs support centralization, but disagree on the structure of the proposed dockets (four retailer-specific MDLs or a single omnibus MDL) and the proposed transferee districts. Defendants Walgreens, Wal-Mart, Target, and NBTY support centralization of four retailer-specific MDLs before one judge in the Northern District of Illinois or, alternatively, in another district in which a defendant has its headquarters. Defendant GNC agrees, but proposes the Western District of Pennsylvania in the first instance and, alternatively, the Northern District of Illinois. Plaintiffs in 15 actions support the creation of four retailer-specific MDLs in separate districts. Plaintiffs in 28 actions support centralization of all actions before the Panel in a single district and, of those, plaintiffs in about a dozen actions argue for creation of a single omnibus MDL. In total, responding plaintiffs propose 12 districts for the various proposed MDLs: the Eastern and Western Districts of Arkansas; the Central, Northern, and Southern Districts of California; the Southern District of Florida; the Northern District of Illinois; the Western District of Kentucky; the District of Minnesota; the Western District of Missouri; the Eastern District of New York; and the Southern District of Ohio.

We find that common factual questions in all actions unquestionably arise from the New York attorney general's determination based on DNA barcode testing that certain herbal supplements sold by Walgreens, Wal-Mart, GNC, and Target do not contain the herbs advertised on the label and instead contain fillers or contaminants. Thus, discovery and motions concerning the testing will be substantially the same, regardless of the named defendant. At oral argument, no party disputed that all actions overlap on at least those matters.

The only issue is whether creation of a single multi-retailer MDL or four retailer-specific MDLs will achieve greater efficiencies. The parties supporting creation of retailer-specific MDLs argue that separate MDLs are warranted principally because (1) each defendant's labeling, marketing, manufacturing, and sourcing practices will raise unique factual issues; (2) retailer-specific motions can be more efficiently presented and resolved in separate dockets;[3] and (3) defendants are direct competitors and thus, will need to protect against the disclosure of confidential manufacturing, marketing, and other information.

---

[2] Responding defendants are Walgreen Co.; Duane Reade, Inc.; and Walgreens Boots Alliance, Inc. (collectively, Walgreens); Wal-Mart Stores, Inc.; Wal-Mart Associates, Inc.; Wal-Mart.com USA, LLC; Wal-Mart Stores East LP; Wal-Mart Stores East Inc.; Wal-Mart Starco, LLC; Wal-Mart Stores Arkansas, LLC; and Wal-Mart TRS, LLC (collectively, Wal-Mart); General Nutrition Corporation; General Nutrition Centers, Inc.; and GNC Holdings, Inc. (collectively, GNC); Target Corporation and Target Brands, Inc. (collectively, Target); and NBTY, Inc.

[3] For example, GNC asserts that it recently reached an agreement with the New York attorney general that should result in dismissal of all pending claims against GNC. At oral argument, GNC represented that, thus far, plaintiffs in six actions have voluntarily dismissed their cases against GNC.

In response, plaintiffs supporting a single multi-retailer MDL argue that (1) the central factual issues in all four dockets focus on the same New York attorney general investigation and, in particular, the DNA barcode testing; (2) since overlapping discovery and motions practice concerning the validity of the DNA testing will be substantial, centralization is necessary to avoid inconsistent rulings – a point defendants acknowledge; and (3) retailer-specific factual issues and protection of confidential proprietary information can be addressed by creating separate tracks for each retailer. These plaintiffs also argue that many actions allege NBTY is a common supplier for some or all involved retailers, which makes the creation of separate MDLs impracticable. They also note that there are at least seven actions asserting claims against all four retailers, which would be difficult to sever and transfer into four separate MDLs. These plaintiffs, along with defendants, assert that under any scenario, the proposed MDL(s) should be centralized before the same transferee judge because the proposed statewide and nationwide classes overlap substantially and present competing class definitions.

In our judgment, a single MDL encompassing all four retailers is necessary to ensure the just and efficient conduct of this litigation. In many situations, we are hesitant to bring together actions involving separate defendants and products, but where, as here, the actions stem from the same government investigation and there is significant overlap in the central factual issues, parties, and claims, we find that creation of a single MDL is warranted.[4] A single MDL is the most appropriate vehicle for resolving defendants' common challenges to the validity of the DNA testing, the anticipated common third-party discovery involving the New York attorney general's investigation, discovery of any common suppliers, and management of the competing putative classes. Although the advocates of separate MDLs have identified certain retailer-specific issues, Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant where the actions arise from a common factual core.[5] We are confident that the transferee judge can accommodate any issues involving the different products and defendants, including confidentiality and retailer-specific resolutions, in a manner that guarantees the just and efficient resolution of all cases.

Several parties have requested that we order the creation of separate tracks for each retailer, largely repeating the arguments of those advocating separate MDLs. But we have long left the degree of coordination of involved actions to the sound discretion of the transferee judge. *See In re: Frito-Lay North America, Inc. "All Natural" Litig.*, 908 F. Supp. 2d, 1379, 1380 (J.P.M.L. 2012). We often have observed that the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently. In the Panel briefing, the parties have discussed additional case management tools that have been successful in other MDLs. It is incumbent upon the parties to bring their concerns to the attention

---

[4] *See, e.g., In re: Automotive Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349, 1350 (J.P.M.L. 2012) (centralizing three proposed dockets concerning different types of automotive products in a single MDL because each proposed docket shared significant factual issues and "stem[med] from the same government investigation").

[5] *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

of the transferee court and to propose ways to resolve them. If the transferee judge views establishing separate tracks for the different retailers appropriate, then he can do so, but that is a matter dedicated to his discretion.

On the basis of the papers filed and the hearing session held, we find that the actions listed on the attached schedules involve common questions of fact and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All of the actions present common factual questions arising from the New York attorney general investigation allegedly determining in February 2015 that certain store brand herbal supplements sold by Walgreens, Wal-Mart, Target, and GNC did not contain the herbs advertised on the label and instead contained fillers or contaminants.[6] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of Illinois is an appropriate transferee district for this litigation. This district provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide. Walgreens, Wal-Mart, Target, and NBTY support this district, and GNC supports it in the alternative. Responding plaintiffs in over 20 actions also support this district as their first or second choice. A significant number of actions are pending in this district, which is also where the Walgreens defendants are based. Judge John W. Darrah is an experienced transferee judge and currently presides over one action involving all four retailers. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedules A, B, C, and D, and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John W. Darrah for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that plaintiffs' motions for centralization in MDL Nos. 2619, 2620, 2621, and 2622, are denied in all other respects.

IT IS FURTHER ORDERED that MDL No. 2619 is renamed *In re: Herbal Supplements Marketing and Sales Practices Litigation*.

---

[6] The herbal supplements at issue are Walgreens' Finest Nutrition products; Wal-Mart's Spring Valley products; GNC's Herbal Plus products; and Target's Up & Up products. Plaintiffs allege that one or more of the following herbs advertised on the labels were not contained in the products: ginkgo biloba, St. John's Wort, echinacea, ginseng, garlic, saw palmetto, and valerian root.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: WALGREENS HERBAL SUPPLEMENTS
MARKETING AND SALES PRACTICES LITIGATION          MDL No. 2619

## SCHEDULE A

    <u>Western District of Arkansas</u>

CLEMMONS v. WALGREEN CO., C.A. No. 5:15-05032   15cv5071

    <u>Central District of California</u>

CUMMINS v. WALGREEN CO., ET AL., C.A. No. 2:15-00911   15cv5074

    <u>Northern District of California</u>

DE LA TORRE, ET AL. v. WALGREEN CO., C.A. No. 5:15-00556   15cv5075

    <u>Southern District of California</u>

HERNANDEZ v. WALGREENS COMPANY, C.A. No. 3:15-00260   15cv5076

    <u>Northern District of Illinois</u>

HALE, ET AL. v. WALGREEN CO., ET AL., C.A. No. 1:15-01182
ALLSUP v. WALGREEN CO., C.A. No. 1:15-01244
HOLLIS v. WALGREENS BOOTS ALLIANCE, INC., ET AL., C.A. No. 1:15-01265
ANDREWS v. WALGREEN CO., C.A. No. 1:15-01308

    <u>Eastern District of Missouri</u>

KARDASZ v. WALGREEN CO., C.A. No. 4:15-00251   15cv5077

    <u>Southern District of Ohio</u>

TRINIDAD v. WALGREEN CO., ET AL., C.A. No. 1:15-00090   15cv5078

**IN RE: WAL-MART STORES, INC., HERBAL SUPPLEMENTS
MARKING AND SALES PRACTICES LITIGATION**　　MDL No. 2620

## SCHEDULE B

<u>Eastern District of Arkansas</u>

JONES v. WAL-MART STORES, INC., ET AL., C.A. No. 4:15-00085　15cv5081

<u>Western District of Arkansas</u>

SPARKS v. WAL-MART STORES, INC., C.A. No. 5:15-05031　15cv5082

<u>Central District of California</u>

SHAHRASHIAN v. WAL-MART STORES, INC., ET AL., C.A. No. 2:15-00978　15cv5083

<u>Northern District of California</u>

TAKETA, ET AL. v. WAL-MART STORES, INC., C.A. No. 3:15-00542　15cv5084
DE LA TORRE, ET AL. v. WAL-MART STORES, INC., C.A. No. 5:15-00557　15cv5085

<u>Northern District of Florida</u>

HAJE v. WAL-MART STORES, INC., C.A. No. 3:15-00039　15cv5087

<u>Southern District of Florida</u>

MARSHALL, ET AL. v. WAL-MART STORES, INC., C.A. No. 0:15-60246　15cv5088

<u>Northern District of Illinois</u>

HALE, ET AL. v. WALGREEN CO., ET AL., C.A. No. 1:15-01182

<u>Southern District of Indiana</u>

MYERS v. WAL-MART STORES, INC., ET AL., C.A. No. 4:15-00019　15cv5089

<u>Western District of Kentucky</u>

MOORS v. WAL-MART STORES, INC., ET AL., C.A. No. 3:15-00123　15cv5090

- B2 -

    District of Massachusetts

MAYER v. WAL-MART STORES INC., C.A. No. 1:15-10287    15cv5091

    Eastern District of Missouri

FIGUEIREDO, ET AL. v. WAL-MART STORES, INC., C.A. No. 4:15-00249    15cv5093
HANNA, ET AL. v. WAL-MART STORES, ET AL., C.A. No. 4:15-00295    15cv5095

    Western District of Missouri

STOKES v. WAL-MART STORES, INC., C.A. No. 2:15-04027    15cv5096
LOWE v. WAL-MART STORES, INC., C.A. No. 2:15-04030    15cv5097

    Northern District of Ohio

MAGER v. GNC HOLDINGS, INC., ET AL., C.A. No. 5:15-00267    15cv5100

    Southern District of Ohio

TRINIDAD v. WAL-MART STORES, INC., ET AL., C.A. No. 1:15-00091    15cv5102

    District of Oregon

STEVENS v. WAL-MART STORES, INC., ET AL., C.A. No. 3:15-00243    15cv5103

**IN RE: GNC CORP. HERBAL SUPPLEMENTS
MARKETING AND SALES PRACTICES LITIGATION**        MDL No. 2621

## SCHEDULE C

<u>Western District of Arkansas</u>

CLEMMONS v. GENERAL NUTRITION CORP., ET AL., C.A. No. 5:15-05036    15cv5104

<u>Northern District of California</u>

DE LA TORRE, ET AL. v. GNC HOLDINGS, INC., ET AL., C.A. No. 5:15-00561    15cv5105

<u>Southern District of Florida</u>

REYES v. GENERAL NUTRITION CORPORATION, ET AL., C.A. No. 1:15-20513    15cv5107
DORE v. GNC HOLDINGS, INC., ET AL., C.A. No. 1:15-20618   15cv5108

<u>Northern District of Ohio</u>

MAGER v. GNC HOLDINGS, INC., ET AL., C.A. No. 5:15-00267

**IN RE: TARGET CORP. HERBAL SUPPLEMENTS
MARKETING AND SALES PRACTICES LITIGATION**   MDL No. 2622

## SCHEDULE D

<u>Western District of Arkansas</u>

SPARKS v. TARGET BRANDS, INC., ET AL., C.A. No. 5:15-05033   15cv5110

<u>Northern District of California</u>

FARRELL v. TARGET CORPORATION, C.A. No. 5:15-00635   15cv5112
BARBER v. TARGET CORPORATION, C.A. No. 5:15-00568   15cv5113
DE LA TORRE, ET AL. v. TARGET CORPORATION, ET AL., C.A. No. 5:15-00559   15cv5114